UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURAD REED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC, et al.,<br><br>　　　　　　Defendants. | Case No. 20-cv-00885-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

　　The defendants in this case have moved to dismiss Murad Reed's complaint on the ground that all the claims are precluded by a prior action in which similar claims were dismissed with prejudice. *Reed v. Clear Recon Corp.*, No. 18-cv-7715, Dkt. Nos. 33, 45, 55 (N.D. Cal.). Because the claims in the prior action arose under state law, California law determines the preclusive effect of that federal-court judgment. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under California law, claim preclusion applies only "when a second suit involves (1) the same cause of action" (defined, to deter piecemeal litigation, as claims that implicate the same "primary right") "(2) between the same parties or their privies (3) after a final judgment on the merits in the first suit." *Samara v. Matar*, 5 Cal. 5th 322, 327 (2018) (internal quotation marks and brackets omitted).

　　The first element is satisfied for all but one of the claims. For the most part, Reed seeks redress for the same "primary right" against unlawful foreclosure, alleging in this case (just as he did in the prior action) that the defendants (i) did not credit him for mortgage payments, (ii) did not adequately explore mitigation options, and (iii) foreclosed on his property in 2018 without lawful authority or proper notice. The judgment in the prior action prevents Reed from

relitigating the lawfulness of the foreclosure. *See Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 914 (2017). The lone exception is the claim against Cenlar Central Loan Administration, the loan servicer, under the Rosenthal Fair Debt Collection Practices Act. Whether Cenlar engaged in unlawful debt collection implicates a different primary right from the claims raised in the prior action. Even assuming the defendants lawfully foreclosed on the deed, Reed has alleged an independent injury from Cenlar's subsequent debt-collection activities. Complaint ¶¶ 68–71, Dkt. No. 1.

The second element of an identity between the parties is satisfied. All but one of the defendants were parties to the prior action. Cenlar was not a party to the prior action, but as the loan servicer, Cenlar is in privity with the defendants that were. *See Turner v. Bank of New York Mellon*, 2019 WL 4040139, at *6 (N.D. Cal. Aug. 26, 2019).

The third element of a final judgment on the merits is also satisfied. Although some of the claims in the first action were dismissed with prejudice for failure to state a claim and others were dismissed with prejudice for failure to prosecute, "a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010).

For the foregoing reasons, the defendants' motion to dismiss for failure to state a claim is granted in large part. *See* Fed. R. Civ. P. 12(b)(6). Reed is given leave to file an amended complaint raising only claims related to Cenlar's allegedly unlawful attempts to collect the debt. Any complaint must be filed within 21 days of this order. If no complaint is filed by that date, the Rosenthal Act claim will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
VINCE CHHABRIA
United States District Judge